UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Case No. 1:25-cv-13233

**ORAL ARGUMENT REQUESTED**

| |
|---|
| JOHN HOUTON<br>    Plaintiff<br>v.<br><br>MICHELLE WU, ADAM CEDERBAUM, ENEIDA TAVARES, Commissioner of the Boston Election Department, WILLIAM GALVIN, Secretary of State, Commonwealth of Massachusetts, ASHLEY GROFFENBERGER, an individual, COLLECTOR-TREASURER, CITY OF BOSTON, COMMONWEALTH OF MASSACHUSETTS, and JOHN DOES Nos. 1-10, Said Names Being Unknown and Fictitious, as Unknown City of Boston Employees or Wu Campaign Officials<br><br>    Defendants |

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, pursuant to Fed. R. Civ. P. 65 and L.R., D. Mass 7.1, hereby respectfully moves for a temporary restraining order and preliminary injunction on an emergency basis and expedited briefing schedule to enjoin Defendants' ongoing deprivation of Plaintiff's constitutional rights of free speech, free association, and denial of equal protection.

Plaintiff hereby incorporates by reference the Complaint, Doc. No. 1 and accompanying exhibits e-filed on November 3, 2025, and the memorandum of law in support of this motion, filed contemporaneously herewith.

1

As detailed in the accompanying memorandum of law, Plaintiff is likely to succeed in showing that Defendants are violating his constitutional right to speak, associate, and his right to equal protection; that without a temporary restraining order and preliminary injunction, he will suffer irreparable harm (both in the sense that losing constitutional freedoms even for a minimal period of time is an irreparable injury, and in the sense that Plaintiff will face additional adverse employment actions by Defendants directly as a result of his exercising constitutional freedoms, the same that other city employees enjoyed but was denied to Plaintiff, and continues to be denied to Plaintiff; and that the balance of harms weighs in favor of Plaintiff; and that the requested temporary restraining order and preliminary injunction will serve the public interest.

**WHEREFORE**, Plaintiff John Houton asks this Court to issue and award:

(a) A declaration that the Boston City Charter §§24, 24A, 25 and any other sections found to be at issue at trial are unconstitutional under the First and Fourteenth Amendments of the United States Constitution, and art. 9 of the Massachusetts Declaration of Rights;

(b) A declaration that the ballot access scheme in the September 9, 2025 preliminary election for mayor in Boston was tainted due to the Boston City Charter provisions at issue herein are unconstitutional, and order that the November 4 general election ballot results for mayor, which derived from the preliminary election - that which is akin to the fruit of the poisonous tree - any result therefrom must also be determined unconstitutional and invalid, and that the court shall order a special election for mayor to be scheduled at a reasonable date forthwith by order to the Secretary of the Commonwealth, and such other and further relief as the Court finds equitable and just;

(c) An order appointing an independent federal monitor with authority to oversee

and report on such special election for mayor of Boston in concert with the Secretary of the Commonwealth of Massachusetts to ensure a free and fair election for mayor in the City of Boston;

(d)     Enjoin Defendant City of Boston and individual defendants from taking any further adverse employment actions or injurious actions of any kind against Plaintiff affecting Plaintiff's status as counsel, professional reputation, or his property interest in his employment including the terms, conditions, and benefits pertaining to his employment with the City of Boston Law Department and Treasury Department pending the outcome of this litigation;

(e)     A preliminary and permanent injunction enjoining each Defendant from interfering with and retaliating against Plaintiff's right to lawfully engage in constitutionally protected activity in Boston, Massachusetts including while employed at the City of Boston given the fact the Mayor has advanced, supported, and facilitated numerous city employees' efforts at running for office in Boston;

(f)     That this Court grant the requested injunctive relief without a condition of bond or other security being required of Plaintiff as the public interest outweighs the need for security;

(g)     And such further relief that the Court deems equitable and just.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R., D. Mass. 7.1(d), Plaintiff believes that oral argument will assist the Court and wishes to be heard. Plaintiff therefore requests oral argument on his Motion.

Respectfully submitted this 10th day of November, 2025.

/s/ John F. Houton, Jr., Esq.
John F. Houton, Jr.
*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I electronically filed the foregoing using the CM/ECF system, and will serve the same via email with Plaintiff's Memorandum of Law on Counsel for Parties City of Boston listed below:

Brian T. Kelly
Nixon Peabody LLP
Exchange Place, 53 State Street
Boston, MA 02109-2835
bkelly@nixonpeabody.com

Joshua Sharp
Nixon Peabody LLP
Exchange Place, 53 State Street
Boston, MA 02109-2835
jsharp@nixonpeabody.com

Dated: November 10, 2025         /s/ John F. Houton, Jr.
John F. Houton, Jr., Esq., BBO #668948
*Plaintiff, pro se*
143 W. Brookline St. #406
Boston, MA 02218
johnhouton@gmail.com
(617) 529-1992